UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KAREN A. WILLARD,

        Plaintiff,

                                                Case Number 05-10284-BC
v.                                                   Honorable Thomas L. Ludington

JOHN E POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

        Defendant.
_____/

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

The plaintiff, Karen Willard, filed this action on November 2, 2005 alleging that the defendant, the United States Postal Service, violated the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, when it removed her from the position of security monitor and failed to return her to that job or find equivalent work for her. The plaintiff originally was hired by the defendant in 1985 as a mail carrier and worked in that capacity until May of 1990 when she suffered a low back injury on the job. Thereafter, she applied for and received workers compensation benefits. She also underwent surgery.

In July of 1992, the plaintiff was offered a limited-duty assignment completing a variety clerical tasks. Initially, she was able to complete her assignment, but ultimately returned home because her back condition deteriorated. She remained at home until, on June 5, 2000, the defendant made her a "rehabilitation job offer" to work as a security monitor. She accepted the offer and worked as a security monitor until November 9, 2000. At that time, the defendant removed the plaintiff from the motion position because the United States Department of Labor, Office of Workers Compensation (OWCP) concluded that she no longer qualified for workers compensation benefits.

The plaintiff ultimately was terminated on November 5, 2002 following an unfavorable arbitration award – conducted pursuant to procedures set forth in the collective bargaining agreement – upholding the postal service's decision to separate the plaintiff because she was not medically able to return to her job as a letter carrier.

Presently before the Court are the parties' cross motions for summary judgment. The Court heard oral argument in open court on November 20, 2006. At the hearing and in its brief, the defendant maintained that, even if the Court found that the plaintiff requested accommodation, it complied with its duties under sections 501 and 504 of the Rehabilitation Act, 29 U.S.C. §§ 791, 794:

> In contrast with FECA, where the Postal Service is required to create a reasonable alternative position to allow the employee to resume his employment (because the employee is being paid regardless of whether the employee works or not, it is a question of which agency is paying the employee) *under the Rehabilitation Act, the Postal Service is not required to create a new position to accommodate a qualified individual with a disability. Luellen v. Henderson*, 54 F. Supp. 2d 775 (W.D. Tenn. 1999) *Malabarba v. Chicago Tribune Company*, 149 F.3d 690 (7th Cir. 1998); *Basith v Cook County*, 241 F.3d 919 (7th Cir. 2001)
> . . .
>
> In this case, the plaintiff is attempting to require the defendant to permanently assign her to a limited duty job, reserved for those with accepted OWCP claims under FECA, as an accommodation under the Rehabilitation Act which would be even a further extension of the Act's requirements than the Court was willing to do in *Hoskins, supra*. The defendant is *unaware of any court that has ruled a Federal Agency must convert a limited duty position under FECA to a permanent position once the employee is dropped from the OWCP rolls to satisfy its obligations under the Rehabilitation Act*.

Def.'s Mot. Summ. J. at 15-16 (emphasis added).

By contrast, the plaintiff advocated at the hearing in her brief for a much broader reading of the sections 501 and 504 of the Act:

> Section 501 of the Rehabilitation Act (29 USC § 791[b]) imposes on the Defendant

>an obligation to establish an affirmative action program plan for the hiring, placement and advancement of individuals with disabilities. As the Defendant acknowledges in its Handbook setting forth the affirmative action responsibility of the Postal Service under the Rehabilitation Act:
>
>>In order to request reasonable accommodation, an employee need not use the phrase reasonable accommodation. The employee needs only to let you know that he or she needs a change at work for his or her disability. A family member, friend, or other representative may request reasonable accommodation on behalf of an employee with a disability.
>
>In short, no magic words are required to invoke the statutory duty of the Defendant under the Rehabilitation Act to find reasonable ways to accommodate an individual with a disability so that he or she can become a productive member of the workforce. The duty of affirmative action is accurately summarized in the Handbook, as follows:
>
>>the Rehabilitation Act requires the employer to look for new or innovative ways to alter, restructure, or change the ways of doing a job in order to allow a qualified person with a disability to perform the functions of a particular job.
>
>Although, as set forth in her Motion for Summary Judgment, it is Plaintiff's position that the OWCP set-aside program is in violation of § 504 of the Rehabilitation Act, *the evidence in the present case shows that Plaintiff had the residual physical capacity to perform the essential job duties of the clerical job of affixing labels to letters.* This position was not an OWCP set aside position, and the only apparent problem with her being considered for this job is that she allegedly failed to apply for reassignment or reclassification from the letter carrier craft to the clerical craft.
>
>Much of Defendant's argument is a defense of the alleged "make work" program established by the Postal Service to employ workers receiving OWCP benefits. Assuming arguendo the legal propriety of this program in light of the Rehabilitation Act, *the evidence cited above establishes that the existence of a job at the Post Office that Plaintiff could perform "with or without accommodation."*

Def.'s Resp. Br. at 17-18 (internal citations omitted) (emphasis added).

Because of the parties' competing interpretations of the affirmative obligations imposed on the defendant by the Rehabilitation Act, the Court took the motions under advisement and directed the parties to submit supplemental briefs on the nature and extent of the defendant's responsibility

to affirmatively accommodate the plaintiff's disability.

Accordingly, it is **ORDERED** that the parties' filed supplemental briefs on the defendant's affirmative duty under sections 501 and 504 of the Rehabilitation Act, 29 U.S.C. §§ 791, 794, on or before **December 4, 2006** as discussed on the record. The Court will resolve the motions in light of the supplemental authority at the final pretrial conference.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: November 27, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 27, 2006.

> s/Tracy A. Jacobs
> TRACY A. JACOBS