UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KAREN A. WILLARD,

                Plaintiff,

                                       Case Number 05-10284-BC
v.                                      Honorable Thomas L. Ludington

JOHN E POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

                Defendant.
_____ /

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      On November 20, 2006, the Court heard oral argument on the parties' cross motion for summary judgment in this action arising under the Rehabilitation Act.  In an order issued following the hearing on November 27, 2006, the Court took the motion under advisement and directed the parties to furnish supplemental briefs along the following lines:

> Because of the parties' competing interpretations of the affirmative obligations imposed on the defendant by the Rehabilitation Act, [specifically sections 501 and 504], the Court took the motions under advisement and directed the parties to submit supplemental briefs on the nature and extent of the defendant's responsibility to affirmatively accommodate the plaintiff's disability.

Order (Nov. 27, 2006).  The parties have complied with the Court's directive, and the Court heard oral argument on the parties' respective positions on December 22, 2006.

      At the hearing, the Court granted the defendant's motion for summary judgment and denied the plaintiff's motion for summary judgment.  The Court noted that an employer's responsibility under the Act is to make reasonable accommodations to qualified individuals with a disability such that they can perform the essential functions of their position.  The regulations to the Rehabilitation Act take this duty a step further, adding the additional requirement of looking beyond the plaintiff's

*specific* position to others that she might be able to perform within a certain geographic area:

> *Reassignment*.  When a nonprobationary employee becomes unable to perform the essential functions of his or her position even with reasonable accommodation, an agency shall offer to reassign the individual to a funded vacant position located in the same commuting area and serviced by the same appointing authority.

29 C.F.R. § 1614.203(g).

At the same time, the onus is on the plaintiff to "make at least a facial showing that such accommodation (reassignment) is possible." *Mengine v. Runyon*, 114 F.3d 415, 418 (3d Cir 1997). Indeed, a plaintiff must "demonstrate that there were vacant, funded positions whose essential duties [the plaintiff] was capable of performing, with or without reasonable accommodation, and that these positions were at an equivalent level or position" as the former position.  *Ibid.*

The Court determined that the plaintiff in this case had not made that showing despite extensive discovery.  The plaintiff appears only to have asked for light duty under the collective bargaining agreement;  to be returned to a security monitor position that was neither a vacant nor funded position, because it was reserved specifically for individuals qualifying for workers compensation benefits; or an equivalent position.  In a letter to her employer,  the plaintiff wrote:

> Please accept this letter as my request for light duty as per article 13 of the National Agreement.  I request that I be given back my job as a security monitor, which job was within my restrictions and constituted a reasonable accommodation of my work-related disability.  Should you be unwilling or unable to provide me with this job, then please provide me with alternate employment with my medical restrictions as set forth by Lester E. Webb, MD, my treating physician.

Pl.'s Mot.  Summ. J. Ex. 8, Light Duty Request (Dec. 6,  2000).

 Further, the plaintiff's materials identify mostly tasks that she could undertake such as affixing labels to packages and answering telephones, and not vacant funded positions.  As a result, the Court concluded at the hearing that summary judgment in the defendant's favor was appropriate

and the plaintiff's cross motion should be denied.

Accordingly, it is **ORDERED** that the defendant's motion for summary judgment [dkt # 29]

is **GRANTED** and the plaintiff's motion for summary judgment [dkt # 28] is **DENIED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 22, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 22, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---